IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CHRISTOPHER GAUL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-645-GMS |
| | ) | |
| GARLAND WILLIAMS and RADCLIFF CHARLES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I.  INTRODUCTION**

The plaintiff, Christopher Gaul ("Gaul"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 5.) Gaul filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**II.  BACKGROUND**

On August 10, 2012, Gaul received an updated status sheet with his new sentence which indicated that he had a no-contact order with Christopher Ackers ("Ackers"). Gaul notified the officers who worked on his pod and nothing was done. He notified them again on August 18, 2102. Ackers and Gaul had a verbal alteration. Officer Bowerly ("Bowerly") locked everyone in their cells and called his superiors, the defendants Lt. Garland Williams ("Williams") and Sgt. Radcliff Charles ("Charles"). Williams and Charles spoke to Ackers and placed Ackers on the movement sheet.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

On August 19, 2012, Gaul was let out of his cell to serve chow. After serving chow, Ackers attacked him. Officer Zella Jones ("Jones") was the office tending the pod when the incident occurred. Gaul submitted a grievances and appeals over the incident, his classification, and the fact that security did not take immediate action which resulted in the assault, all to no avail. Gaul seeks injunctive relief, compensatory damages, and requests counsel.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Gaul proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Gaul leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

On March 5, 2015, Gaul filed a lawsuit in this court raising the same claims as those raised in the instant complaint. *See Gaul v. Morgan*, Civ. No. 14-288-GMS. The court dismissed Civ. No. 14-

288-GMS without prejudice on February 5, 2015, after Gaul failed to submit the USM-285 forms required to effect service upon the defendants. (Civ. No. 14-288-GMS at D.I. 13) The case remains closed.

The acts complaint of by Gaul occurred in early August 2012, and the complaint in the instant case was filed on July 23, 2015.[2] Therefore, his claims are time-barred by the statute of limitations. "Limitations periods in 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'" *Hardin v. Straub*, 490 U.S. 536, 541 (1989) (citing *Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 484 (1980)). Accrual of such claims are governed by federal law. *See Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994). The relevant state statute of limitations for a personal injury action in Delaware is two years. *See* 10 Del. C. § 8119. Consequently, Gaul's claims accrued, when he knew or had reason to know of the injury that forms the basis of this action. *Carr v. Dewey Beach*, 730 F. Supp. 591, 601 (D. Del.1990). It is clear from the complaint that Gaul's claims accrued in August 2012 when he was assaulted by Ackers, yet Gaul did not file the instant complaint until July 2015, almost one year after the expiration of the limitation period.

In addition, Gaul's claims are not saved by the dismissal without prejudice of Civ. No. 14-288-GMS. A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical Assocs.*

---

[2] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. *Houston* has been extended by the Court of Appeals for the Third Circuit to other prisoner filings, *see Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998), and this District has extended the *Houston* mailbox rule to *pro se* § 1983 complaints, *see Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Gaul's complaint is not signed. However, the envelope it was mailed in is post-marked July 24, 2015. Therefore, the court concludes that the complaint was filed by at least July 23, 2015 (this allows one day for delivery to prison officials for mailing, prior to the post-mark date of July 24, 2015).

*v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). "The dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005). As discussed, Gaul's claim accrued in August 2014. When the court dismissed Civ. No. 14-288-GMS without prejudice on February 5, 2015, the statute of limitations had been expired for approximately six months. The filing of the complaint in Civ. No. 14-288-GMS did not toll the statute of limitations. The instant complaint is time-barred and, therefore, the court will dismiss it as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

The court will dismiss the case as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

 Oct 9 , 2015
Wilmington, Delaware

5